

**null / ALL**
**Transmittal Number: 20787233**
**Date Processed: 12/05/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Leigh Howlett vs. Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Leigh Howlett vs. Liberty Mutual Insurance Company (9824950) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-78631 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/04/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Angelina Wike<br>713-222-7211 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

┌─────────────┐
│  **EXHIBIT**  │
│    **A**     │
└─────────────┘

DELIVERED: 12/4/19
By: _____ Ce

CAUSE NO.   201978631

RECEIPT NO.                    0.00     CIV
                **********        TR # 73700600

PLAINTIFF: HOWLETT, LEIGH                          In The   125th
              vs.                                  Judicial District Court
DEFENDANT: LIBERTY MUTUAL INSURANCE COMPANY        of Harris County, Texas
                                                   125TH DISTRICT COURT
                                                   Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris


TO: LIBERTY MUTUAL INSURANCE COMPANY MAY BE SERVED BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET SUITE 620  AUSTIN TX 78701
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 28th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 27th day of November, 2019, under my hand and
seal of said Court.

                                    mak Burgen

Issued at request of:               MARILYN BURGESS, District Clerk
WIKE, ANGELINA ELAINE               Harris County, Texas
800  COMMERCE STREET                201 Caroline, Houston, Texas 77002
HOUSTON, TX  77002                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 222-7211
Bar No.: 24091852                   Generated By: MOMON, RHONDA  HWP//11390615

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11²⁰ o'clock A .M., on the 4ᵗʰ day of ___DEC___, 2019.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.


FEE: $_____                      _____

                                   _____ of _____County, Texas

                                   By _____
_____          Deputy
         Affiant


On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.


                                   _____
                                            Notary Public


N.INT.CITR.P                    *73700600*

**2019-78631 / Court: 125**

CAUSE NO. _____

10/28/2019 4:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38023701
By: Shaniece Richardson
Filed: 10/28/2019 4:16 PM

| | | |
|---|---|---|
| LEIGH HOWLETT | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| LIBERTY MUTUAL | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Leigh Howlett, hereinafter referred to as Plaintiff, complaining of Liberty Mutual Insurance Company ("Liberty Mutual") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure and affirmatively pleads that he seeks monetary relief over $100,000.00 but not more than $200,000.00 at this time.   Plaintiff reserves the right to amend this damage calculation as discovery progresses.

2.     This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

3.     Plaintiff is an individual residing in Harris County, Texas.

4.      Defendant Liberty Mutual is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service: CORPORATION SERVICE COMPANY, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found. The Clerk is requested to issue Citation.

### III.
### JURISDICTION

1.      Plaintiff stipulates that the damages in this matter are between $100,000 and $200,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX.R.CIV.P. 47.

2.      The court has jurisdiction over Defendant Liberty Mutual because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.
### VENUE

3.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### FACTS

4.      In and around January 2018, Plaintiff Leigh Howlett was experiencing problems with the power in his home, located at 11726 Pecan Creek Dr., Houston, Texas 77043 ("Property"). Plaintiff hired John Moore to repair the wiring in his home, which required John Moore to dig a trench outside of his home. This project also required CenterPoint Energy to turn off the electricity in Plaintiff's home while John Moore was making repairs. After the repairs to

---

the wiring, CenterPoint refused to turn the electricity back on because John Moore did not re-cover the trench. Plaintiff called John Moore and instructed him to cover the trench, so that CenterPoint would turn on the electricity in Plaintiff's dwelling.

5.    On or around January 17, 2018, and before CenterPoint turned on Plaintiff's electricity, a freeze caused the pipes to burst Plaintiff's home, which severely damaged Plaintiff's dwelling and destroyed Plaintiff's personal property.

6.    Subsequent to the damage to Plaintiff's dwelling and its contents, Plaintiff made a claim #036847644 ("Claim") against his Liberty Mutual insurance policy # H372980337607073 ("Policy") for the damage to his dwelling and personal property. Defendant Liberty Mutual denied his Claim. At all times, Plaintiff used reasonable care to maintain heat in the dwelling by hiring John Moore to repair the wiring in his home and by requesting CenterPoint to return electricity to his dwelling. Plaintiff's Liberty Mutual insurance Policy covers his dwelling and personal property in situations such as this, and therefore Defendant's denial of Plaintiff's Claim is improper.

7.    Defendant conducted a substandard investigation of Plaintiff's Claim and a substandard inspection of Plaintiff's Property. The inadequacy of Plaintiff's investigation and inspection is evidenced by the fact that covered damages, necessary repairs, ALE and personal property damages were completely denied.

8.    Moreover, Plaintiff was not provided *any* documentation from Liberty Mutual following their "Investigation" or "Inspection." Either necessary documentation was never created OR it was improperly withheld from Plaintiff.

9.    It is clear Liberty Mutual failed to thoroughly review and properly oversee the work of their assigned adjuster(s) and claims personnel, and ultimately approved an improper

---

*Plaintiff's Original Petition*                                                                 Page 3

adjustment and an inadequate, unfair denial of Plaintiff's Claim.

10.     Subsequently, Plaintiff complained of the denial and requested additional investigation of the Claim to proceed. Plaintiff provided the adjuster's his estimates and/or invoices and receipts for the cost of repairs and provided photographs. Liberty Mutual took no initiative to re-inspect the Property or damages and instead re-iterated the complete denial.

11.     Plaintiff then hired our firm to represent him on this Claim for damages against Liberty Mutual. Our firm sent several letters of representation to Liberty Mutual, to inform it and its agents and/or adjusters that our firm had been retained by their insured. The letters of representation further requested several items and documents related to and in connection to the Property Claim and that are part of the service for which Plaintiff pays premiums to Defendant Liberty Mutual. Liberty Mutual and its adjusters and/or agents altogether ignored our requests.

12.     The documents and items requested are significant to our representation of Plaintiff and in order that we have a full understanding of the basis of denial and Defendant Liberty Mutual's rationale of the same.

13.     Defendant failed to allow adequate funds to cover the cost of repairs to all the covered damages our Plaintiff's Property sustained. This resulted in our Plaintiff's Claim being significantly undervalued and ultimately denied.

14.     It is clear from these facts that Defendant Liberty Mutual set out to deny properly covered damages. Defendant Liberty Mutual failed to provide full coverage for the damages sustained by Plaintiff's Property. Defendant Liberty Mutual severely under-scoped and undervalued the damages, thus denying adequate and sufficient payment to Plaintiff.

15.     As a result of this unreasonable investigation by Defendant Liberty Mutual, the Claim was improperly adjusted, Plaintiff was denied coverage on his Claim, and suffered

damages as a result. To this date, Plaintiff has yet to receive payment under his insurance Policy.

## VI.
## CAUSES OF ACTION

16.     Defendant Liberty Mutual is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

**A.     BREACH OF CONTRACT**

17.     Defendant Liberty Mutual's conduct constitutes a breach of the insurance contract made between Defendant Liberty Mutual and Plaintiff.

18.     Defendant Liberty Mutual's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Liberty Mutual insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

19.     Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

20.     Defendant Liberty Mutual's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

21.     Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim,

---

even though Defendant Liberty Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

22.     Defendant Liberty Mutual's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

23.     Defendant Liberty Mutual's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

24.     Defendant Liberty Mutual's unfair settlement practice, as described above, of refusing to pay Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

25.     Defendant Liberty Mutual's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its Policy by offering substantially less than the amount ultimately recovered. Defendant Liberty Mutual refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**C.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

26.    Defendant Liberty Mutual's conduct constitutes multiple violations of the Texas
Insurance Code, Prompt Payment of Claims.  All violations made under this article are made
actionable by TEX.INS.CODE §542.060.

27.    Defendant Liberty Mutual's failure to acknowledge receipt of Plaintiff's Claim,
commence investigation of the Claim, and request from Plaintiff all items, statements, and forms
that they reasonably believed would be required within the applicable time constraints, as
described above, constitutes a non-prompt payment of claims and a violation of the
TEX.INS.CODE §541.055.

28.    Defendant Liberty Mutual's failure to notify Plaintiff in writing of its acceptance
or rejection of the Claim within the applicable time constraints, constitutes a non-prompt
payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE
§541.056.

29.    Defendant Liberty Mutual's delay of the payment of Plaintiff's Claim following
its receipt of all items, statements, and forms reasonably requested and required, for longer than
the amount of time provided for, as described above, constitutes a non-prompt payment of the
claims.  TEX.INS.CODE §541.058.

**D.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

30.    Defendant Liberty Mutual's conduct constitutes a breach of the common law duty
of good faith and fair dealing owed to insured in insurance contracts.

31.    Defendant Liberty Mutual's failure, as described above, to adequately and
reasonably investigate and evaluate Plaintiff's Claim, although, at that time, Defendant Liberty

Mutual knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## KNOWLEDGE

32.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

33.     Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

34.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's Claim, together with attorney fees.

35.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

36.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's Claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

37.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

38.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.
## JURY DEMAND

39.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## X.
## REQUEST FOR DISCLOSURE

40.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and

post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ**

By:_____
        Angelina Wike
        Texas Bar No.:  24091852
        awike@awtxlaw.com
        800 Commerce Street
        Houston, Texas 77002
        Telephone: (713) 222-7211
        Facsimile: (713) 225-0827

**ATTORNEY FOR PLAINTIFF**